Per Curiam.

The order in this case, which it is said has been disobeyed, was a conditional one: and before it could have any obligatory force, it was the duty of the plaintiff to comply with the conditions. This had not been done when it was presented to the defendants, although the plaintiff knew of the sale time enough to have made his application for his injunction, to have complied with the conditions usual in such cases, and to have been at the sale, if he had been so disposed; and therefore he should not complain that, for the want of time, his property was sold. Again, the sheriff was acting under the process of a court of law, and was bound to obey its commands, unless,, agreeably to law, he was inhibited. But if the court? thought the defendants erred in not observing the order of the Judge, yet, under the present circumstances, he would not think them guilty of a contempt to the authority of the law confided to his hands, because it clearly appears from the testimony, that they considered the order as unavailing, unless complied with, in the first instance, by the plaintiff, and, for that reason, went on to obey the precept of the common law court: for this court is perfectly satisfied, from what appears, that, had the injunction been presented in the usual manner, it would have been obeyed. It would then very- little comport with the character of a court of equity, toattach a man for doing wrong, when he intended to do right. It is the intention that, in all cases, should constitute the offence; and no man should for a moment be deprived of his liberty, who does not intend a violation of the law.
Rule discharged at the costs of the plaintiff.